IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DERRICK JACKSON, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 5:09-CV-90048<br>Motion For Writ of Error Coram Nobis<br>CASE NO. 5:97-CR-79 CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Jackson was Indicted on October 21, 1997 (Doc. 1), for Conspiracy to Use of a Telephone to Facilitate Drug Enterprises in violation of 21 U.S.C.§ 843(b) and 18 U.S.C.§ 2. He entered a plea of guilty to this Count One charge on February 11, 1998 (Doc. 151), and was sentenced on July 27, 1998, to a term of imprisonment of 48 months followed by one-year of supervised release. (Doc. 212). He filed a Notice of Appeal on April 1, 1999, which was dismissed by the United States Court of Appeals for the Eleventh Circuit on August 23, 1999. (Doc. 280).

On December 27, 1999, Petitioner Jackson filed a Motion to Amend/Reduce Sentence in the District Court. (Doc. 288). This Motion was denied on January 10, 2000. (Doc. 289). Petitioner Jackson appealed that decision and that appeal was dismissed on March 15, 2000. (Doc. 297).

On March 6, 2000, Jackson had filed a Motion For Writ of Error Coram Nobis in the District Court (Doc. 295), which the court treated as a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255 and denied on July 24, 2000. (Doc. 308). Jackson filed a Notice of Appeal of that decision (Doc. 310), to which the United States Court of Appeals for the Eleventh Circuit, on January 29, 2001, denied his Application for Certificate of Appeal as failing to state a constitutional claim. (Doc. 314). Petitioner served out his sentence without further pleadings in this

case until April 1, 2009, more than ten years after his 48 month sentence had issued.  On April 1, 2009, Jackson filed a second Motion For Writ of Error Coram Nobis (Doc. 328), which is presently under consideration.

## **Conclusions of Law**

The law of the Eleventh Circuit, adopting holdings of the Supreme Court, is as follows:

> Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651(a).  The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice.  *See United States v. Swindall,* 107 F.3d 831, 834 (11th Cir. 1997).  A courts's jurisdiction over coram nobis petitions is limited to the review of errors "of the most fundamental character." *Mayer,* 235 U.S. at 69, 35 S.Ct. 16.  Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." *Id.*  In addition, courts may consider coram nobis petitions only where no other remedy is available and the Petitioner presents sound reasons for failing to seek relief earlier.  *See Morgan,* 346 U.S. at 512, 74 S.Ct. 247.

*United States v. Mills,* 221 F.3d 1201, 1203–04 (11th Cir. 2000).

The record is clear that the remedy of Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255 was available to Petitioner Jackson and was employed by him previously in this case.  For that reason his present Motion fails under the Supreme Court's *Morgan* requirements.

The court cannot treat an inmate's application for *coram nobis* relief as a motion to attack his sentence where the inmate has filed an earlier, unsuccessful motion to attack sentence, and he has not requested leave to file a successive motion to vacate sentence.  28 U.S.C. § 2244(b)(3)(A); § 2254; § 2255.  Petitioner Jackson has already made one § 2255 attack on his sentence. Therefore, his application for *coram nobis* relief, if treated as a motion filed pursuant to § 2255, would be

successive, and the district court would properly deny such application. *United States v. Garcia,* 181 F.3d 1274 (11th Cir. 1999).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Jackson's Motion For Writ of Error Coram Nobis be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 3rd day of April 2009.

     **S/ G. MALLON FAIRCLOTH**
     **UNITED STATES MAGISTRATE JUDGE**