IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON  DIVISION

| | |
|---|---|
| DERRICK JACKSON, : | |
| : | 5:09-CV-90048 (CAR) |
| Petitioner, : | |
| : | Motion for Writ of Error Coram Nobis |
| vs. : | |
| : | 5:97-CR-79 (CAR) |
| : | |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

## *ORDER ON THE RECOMMENDATION*
## *OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the Report and Recommendation [Doc. 330] from United States Magistrate Judge G. Mallon Faircloth, that recommends dismissal of Petitioner's Motion for Writ of Error Coram Nobis.  Petitioner, proceeding *pro se*, has subsequently filed an Objection to the Recommendation [Doc. 331].  Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection, has made a de novo determination of the portions of the Recommendation to which Petitioner objects, and finds the Objection to be without merit.

As explained by the Magistrate Judge, Petitioner was sentenced to serve 48 months in 1998.  Petitioner filed a direct appeal which was dismissed in 1999, and a § 2255 motion which was denied in 1999.  Petitioner also filed a previous motion for writ of error coram nobis in 1999, which was treated as § 2255 in 2000, and was denied both by the district court and on direct appeal. Petitioner completed his sentence in 2002.  Nine years have

passed since he has filed any pleadings in this case, and he finished serving his sentence almost six years ago.  On March 26, 2009, Petitioner filed this second coram nobis petition which is currently under consideration, contending that he pled guilty based on erroneous information from his counsel, and therefore he did not enter his plea of guilty intelligently and voluntarily.  Moreover, Petitioner contends that his counsel did not file an appeal as Petitioner requested.  Thus, Petitioner implies claims of ineffective assistance of counsel.

"[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000) (citing United States v. Morgan, 346 U.S. 502, 512 (1954)).  Any claim for ineffective assistance of counsel would make his petition a successive § 2255 motion which would be barred.  As more fully explained in the Report and Recommendation, even if the petition would be considered a coram nobis petition, Petitioner has not met the requirements of Morgan.  Accordingly, the Report and Recommendation [Doc. 53] is **ADOPTED** and **MADE THE ORDER OF THIS COURT**, and Petitioner's Motion to Vacate , Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 51] is **DISMISSED**.

**SO ORDERED**, this 11th day of June, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH